UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

COLUMBIA MEDICAL SYSTEMS, INC., PHU NGUYEN, TUYET NGUYEN, and SESS MERKE,

    Defendants.

Case No.  CR05-270L

ORDER GRANTING DEFENDANT MERKE'S MOTION TO SEVER

## I. Introduction

This matter comes before the Court on "Defendant Sess Merke's Motion to Sever Counts 18 Through 23 Under Federal Rule of Criminal Procedure 8(b)" (Dkt. # 62). Defendant Tuyet Nguyen also joined in Merke's motion (Dkt. # 63).

## II. Factual Background

The four defendants in this action have collectively been charged in a 23-count indictment. The first 17 counts deal with a conspiracy to transport stolen property in interstate commerce (count 1). Counts 2–17 deal with criminal acts arising out of this conspiracy. Counts 18–23 allege the filing of false tax returns. Merke was charged only with count 1. The

ORDER GRANTING DEFENDANT
MERKE'S MOTION TO SEVER

1  remaining three defendants were charged with counts 1–17.  Tuyet and Phu Nguyen were each
2  charged with several of the remaining false tax return charges.  Merke's motion seeks to sever
3  the false tax return counts from the conspiracy to transport stolen goods-related charges.
4  　　　According to the government's allegations, Tuyet and Phu Nguyen and their company,
5  CMS, purchased medical equipment which was stolen from Advanced Technologies
6  Laboratories (ATL) by ATL employees, such as Merke.  They typically paid for this equipment
7  by cashing CMS checks which were made out to "cash," and giving the money to the provider of
8  the stolen equipment.  Later, they made out CMS checks to Bank of America in order to
9  purchase cashier's checks.  The cashier's checks were then frequently cashed in part or in whole
10 in order to fund the purchases of the stolen equipment.  The equipment was then modified to
11 disguise its source and sold in the medical equipment market.  The rest of the money went to a
12 variety of purposes, including the purchase of cars and real estate.  These facts make up the
13 conspiracy charge and related counts.
14 　　　According to the government brief, Tuyet and Phu Nguyen wrote "purchase equipment"
15 in the memo lines of the checks written to Bank of America for the purpose of purchasing
16 cashier's checks.  They then submitted copies of the Bank of America checks to their accountant
17 for the purpose of receiving business expense deductions on their income taxes.  Allegedly,
18 significant portions of these checks were not used on business expenses.  These facts form the
19 basis of the false tax return charges.

### III. Analysis

21 　　　The "[j]oinder of charges against multiple defendants is governed by Federal Rule of
22 Criminal Procedure 8(b)."  United States v. Ford, 632 F.2d 1354, 1371 (9th Cir. 1980) overruled
23 on other grounds by United States v. De Bright, 730 F.2d 1255 (9th Cir. 1984); 1 CHARLES ALAN
24 WRIGHT, FEDERAL PRACTICE & PROCEDURE § 144 ("It had been firmly established in the case
25 law that the propriety of joinder in cases where there are multiple defendants must be tested by
26 Rule 8(b) alone and that Rule 8(a) has no application."); cf. United States v. Eufrasio, 935 F.2d

ORDER GRANTING DEFENDANT
MERKE'S MOTION TO SEVER

553, 570 n.20 (3rd Cir. 1991) (recognizing that a majority of circuits employ Fed. R. Crim. P. 8(b) in assessing the propriety of joinder of multiple counts when multiple defendants are involved). This Court's assessment of whether the claims are sufficiently related to support joinder pursuant to 8(b) is a question of law which is reviewed *de novo*. United States v. Vasquez-Velasco, 15 F.3d 833, 843 (9th Cir. 1994).

The Ninth Circuit has stated that "[w]hen multiple defendants are involved, the types of charges which may be joined are more limited than the types of charges which may be joined against a single defendant." Sanchez-Lopez, 879 F.2d at 550. While 8(a) joinder simply requires that the actions be of the "same or similar character," under 8(b), the charges must be part of the "same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(a) & (b). For example, if two defendants are charged with transporting a stolen vehicle across state lines, and then, in an otherwise unrelated act, transporting another stolen vehicle across different state lines, the government has two choices: (1) to try both crimes at the same time against each individual separately, or (2) to try both individuals at the same time for each crime separately. The rules allow option 1 because 8(a) provides for more liberal joinder for different acts by the same person, and option 2 because the two defendants committed the "same act" under 8(b). See 1 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE § 144 (presenting hypothetical).

The Ninth Circuit has explained that while "'Rule 8(b) is construed liberally in favor of joinder" there must be a "'logical relationship' between the offenses." United States v. Sarkisian, 197 F.3d 966, 976 (9th Cir. 1999) (quoting United States v. Baker, 10 F.3d 1374, 1387 (9th Cir. 1993)). A logical relationship can be shown by the existence of "a common plan, scheme, or conspiracy" that underlies all of the charges. Ford, 632 F.2d at 372. Alternatively, the criminal acts have a "logical relationship," and joinder is proper, if the government shows that "the common activity constitutes a substantial portion of the proof of the joined charges." Vasquez-Velasco, 15 F.3d at 844.

ORDER GRANTING DEFENDANT
MERKE'S MOTION TO SEVER

1   Although this is correctly considered a question of law, its resolution requires a highly
2 fact-specific analysis by the district court.  See, e.g., Sarkisian, 197 F.3d at 976.  The logical
3 relationship of the criminal actions will depend on the Court's assessment, based on the parties'
4 pleadings, of how much factual overlap exists between the separate crimes.  For the purposes of
5 the instant motion by Merke, the Court assesses the overlap between only count 1 and counts
6 18–23.

7   In the conspiracy charged under count 1, Sess Merke allegedly stole medical equipment
8 from his employer and sold it to the Nguyens and CMS.  In the false tax return allegations
9 charged under counts 18–23, the Nguyens allegedly exaggerated their company's business
10 expenses.  Although the Nguyens' alleged tax return fabrications are alleged to have been related
11 to the costs of the stolen equipment, it is clear that any tax crimes were separate and distinct
12 from the criminal enterprise involving the transportation of stolen medical equipment across
13 state lines.  Under the Court's analysis of Merke's limited role in the alleged criminal
14 conspiracy, count 1 bears no logical relationship to the tax-related charges in counts 18–23.  The
15 fact that both of the Nguyens' alleged criminal acts involved the financing of their business's
16 purchase of stolen goods is not adequate to support joinder of the charge against Merke under
17 8(b).[1]  These separate criminal actions do not constitute "an instance where one criminal activity
18 naturally flows from separate criminal conduct."  Sarkisan, 197 F.3d at 976.

19   Even if joinder were proper under 8(b), the Court would use its discretion pursuant to
20 rule 14 to grant Merke's motion to sever counts 1–17 from counts 18–23.  See United States v.
21 Abushi, 682 F.2d 1289, 1296 (9th Cir. 1982) ("Rule 14 motions for severance are committed to

---

[1] This case is distinguishable from United States v. Patterson, 819 F.2d 1495, 1501 (9th Cir. 1987), where the Ninth Circuit determined that a drug dealing charge was properly joined under Rule 8(b) to a tax evasion charge.  In that case, the unreported income was the direct proof distribution ring.  Here, the checks are common evidence in both the conspiracy and tax charges, but are neither direct evidence of either crime, nor the "substantial portion of the proof of the joined charges."  Vasquez-Velasco, 15 F.3d at 844.

ORDER GRANTING DEFENDANT
MERKE'S MOTION TO SEVER

the sound discretion of the Court."). Because Merke is charged only with one count in the indictment, he is already facing some prejudice due to the inclusion of counts 2–17. The addition of counts 18–23 renders the prejudice "clear, manifest, [and] undue." Vasquez-Velasco, 15 F.3d at 846.

As a consequence of this Court's decision to grant Merke's motion to sever counts 1–17 from counts 18–23, the remaining defendants' motion to sever the same charges (Dkt. # 66) is now moot. Because defendant Merke is joined with defendants Tuyet Nguyen, Phu Nguyen and CMS, the trial that is scheduled to proceed on Monday, March 13 will now consist only of counts 1–17. Counts 18–23 will be tried later.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that defendant Merke's motion for severance (Dkt. # 62) is GRANTED, and counts 1–17 are severed from counts 18–23 for all defendants.

DATED this 10th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT
MERKE'S MOTION TO SEVER