UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>COLUMBIA MEDICAL SYSTEMS, INC.,<br>PHU NGUYEN, TUYET NGUYEN, and<br>SESS MERKE,<br><br>   Defendants. | Case No.  CR05-270L<br><br>ORDER DENYING MOTION TO<br>EXCLUDE PROFFER |

This matter comes before the Court on "Defendant Sess Merke's Motion to Exclude his Proffer at Trial" (Dkt. # 69).  Merke is charged, along with three co-defendants, in a conspiracy to transport stolen goods across state lines.  Merke now moves to exclude information from an interview he gave to the government pursuant to a proffer agreement.

By all accounts, Sess Merke played a minor role in the alleged conspiracy.  As a result, the government sought his cooperation with their case against his co-defendants, Tuyet Nguyen, Phu Nguyen and Columbia Medical Systems ("CMS").  Merke and the government arrived at a proffer agreement that stated that the information would not be used directly in the trial, but could be used for impeachment, to track down other evidence (derivative use), at sentencing, and

ORDER DENYING MOTION TO
EXCLUDE PROFFER

would have to be turned over to his co-defendants if it contained Brady material. Shortly after they received the proffer from Merke, they provided it to his co-defendants. Merke now moves to prevent the government from using the proffer for any purpose, arguing that the government's action violated the agreement.

The government's proffer agreement with Merke simply does not contain the stipulation that Merke claims in his motion. Merke argues that the government's agreement not to share the information with his co-defendants is implied by this provision:

> 8. **Brady Discovery**: Your client understands that *Brady v. Maryland* and its progeny require that the government provide any charged defendant all information known to the government that tends to mitigate or negate such defendant's guilt. Should your client's proffer contain *Brady* material, the government will be required to disclose this information to the appropriate defendants.

Motion at Ex. B. Merke argues that this provision implies that "unless the proffer contains *Brady* material, it may not be disclosed to co-defendants." Reply at 2. This argument is unavailing. The implication of this provision is only that if there is no Brady material in the proffer, the government will not be *required* to turn over the information, *but it still may do so voluntarily*.

A similar implication is expressed in the "No Direct Use" provision, which states that the information "may not be used in the government's case-in-chief against your client." This provision is fairly read to allow any non-direct use, including voluntarily sending the information to Merke's co-defendants. As such, the Court does not interpret the subsequent list of potential uses (e.g., impeachment, derivative, sentencing) as an exhaustive list; rather, these provisions detail some of the potential non-direct uses available to the government.

The Court also accepts the government's Brady justification. The government correctly identified possible Brady materials in Merke's proffer. Merke's co-defendants should have the opportunity to decide whether to use the information in the proffer for their defense. While the mitigatory impact of some of the information disclosed is arguable, the government must "resolve doubtful questions in favor of disclosure." United States v. Acosta, 357 F.Supp.2d

ORDER DENYING MOTION TO
EXCLUDE PROFFER

1  1228, 1242 (D. Nev. 2005). Furthermore, disclosure of the entire document is appropriate
2  pursuant to the "rule of completeness." Fed. R. Evid. 106.
3      For the foregoing reasons, IT IS HEREBY ORDERED that defendant Merke's motion to
4  exclude his proffer (Dkt. # 69) is DENIED.

6      DATED this 10th day of March, 2006.

                                          */s/ Robert S. Lasnik*
                                          Robert S. Lasnik
                                          United States District Judge

ORDER DENYING MOTION TO
EXCLUDE PROFFER